UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD GRATTON,

        Petitioner,

v.

GREG MCQUIGGIN,

        Respondent.

Case No. 2:09-cv-14782

HONORABLE DENISE PAGE HOOD

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Gerald Gratton ("Petitioner"), a Michigan state prisoner, challenges his jury trial convictions for three counts of criminal sexual conduct, first degree, for which he was sentenced to life imprisonment on two of the convictions and 35 to 80 years imprisonment on the remaining conviction.

The petition raises the following five claims for relief:

I.    Petitioner was deprived of his right to due process because the complainant was allowed to give misleading and untrue testimony.

II.   Petitioner's constitutional rights were violated because the trial judge allowed the Wayne County prosecutor to re-open a closed criminal sexual conduct case file that was not assigned to her for the use of "similar act" testimony without producing or establishing any newly-discovered material evidence by the prosecutor.

III.  Petitioner was deprived of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments because the Wayne County prosecutor had "no evidence," physical or scientifically, showing or establishing that Petitioner committed the crime of criminal sexual conduct that he was charged with.

IV.    Petitioner was deprived of his rights under the Sixth and Fourteenth Amendments to the effective assistance of his trial attorney and appellate counsel that denied him his direct appeal right.

V.    Petitioner was deprived of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments legal rights to have taken a polygraph examination test, pursuant to Michigan statute MCL 776.21(5), Michigan Constitution of 1963, Article 1, Section 2 and 17, that would have proven and established [his] innocence.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001).

> The convictions stem from a series of sexual assaults on complainant that began when he was approximately seven years old. Defendant is complainant's great-uncle. The assaults continued for a number of years, until complainant began sexually assaulting other children in the neighborhood. Once complainant was incarcerated in a juvenile facility, he revealed the assaults to his therapist, Kristi Wichmann. Complainant later told his mother and the police about the abuse. Complainant testified that he did not initially reveal the abuse because defendant threatened to hurt his family if he did so.

*People v. Gratton*, No. 273921, 2008 WL 108873, 1 (Mich. Ct. App. 2008).

The state offered in its case-in-chief the testimony of William Venson. Venson testified that ten years before the trial, and five years before the sexual assaults on the complainant, Petitioner had sexually abused him when he was a young boy. Venson testified that he would go to Petitioner's house to play video games, that Petitioner purchased gifts for him, that Petitioner sexually assaulted him many times, and that Petitioner told him that something bad would happen if he ever told anyone about the

abuse.  Venson testified that he had told the police about the abuse in 1994, after he had been placed in foster care, but charges were never brought against Petitioner. The trial court admitted Venson's testimony for the limited purpose of showing Petitioner had a common plan or scheme for sexually abusing children.

The state also offered the testimony of Officer Tiffany Warren.  Warren testified that the complainant, Dajuan Gratton, and his mother came to Detroit and gave a statement. She testified that she did not advise Dajuan to seek a medical examination, and that she would not expect to find evidence of sexual assault given the amount of time that had passed between the alleged assaults and the time Dajuan came forward.  Warren also testified that she located William Venson's file and turned it over to the prosecutor's office, and that she had no information as to why a warrant was never requested in that case. The record reflects that the prosecution served subpoenas on the investigator in the Venson matter, Flora Humphries, and Russell Solano, another officer involved in the Venson investigation, but neither appeared at trial.  The defense requested, and received, a closing instruction to the jury that the prosecution had the responsibility to produce Humphries and Solano, and the jury could infer from their non-appearance that their testimony would have been unfavorable to the prosecution.

Petitioner and his mother testified on behalf of the defense. Petitioner's 86 year old mother testified that Petitioner worked and attended school and was rarely home during the period of time he allegedly abused Venson.  Petitioner also testified that he was working six days a week at various temporary jobs and going to school and was therefore rarely home during the relevant time period.  Petitioner claimed Venson visited his mother, not

him, and claimed that he met Venson only once.  Petitioner denied sexually abusing either boy.

Petitioner was convicted on all counts.  Following his conviction and sentence, Petitioner filed a direct appeal with the Michigan Court of Appeals raising the following claims:

I.  The Complainant's therapist and Complainant's mother impermissibly testified regarding the credibility of the Complainant's allegations, prejudicing the defense by vouching for the veracity of the Complainant.

II.  Mr. Gratton was denied the effective assistance of his attorney where his trial attorney failed to object to the improper vouching for the credibility of the Complainant by the prosecution witness.

Petitioner alleges that he attempted to submit a *pro se* supplemental brief containing his habeas claims to the Michigan Court of Appeals, but the Michigan Court of Appeals refused to accept the filing, despite the fact that it was timely, and Petitioner's appellate counsel refused to assist Petitioner in filing the supplemental brief.  The Michigan Court of Appeals affirmed Petitioner's convictions, and the Michigan Supreme Court denied leave to appeal. *People v. Gratton*, Mich. Ct. App. No. 273921 (Jan. 10, 2008), *lv. den.*, 482 Mich. 1029 (2008).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the claims Petitioner now raises in his petition.  The trial court denied Petitioner's motion for relief from judgment on October 6, 2009, on the grounds that Petitioner failed to meet the requirements of M.C.R. 6.508(D)(3) to show good cause for failing to raise the grounds for relief on appeal and failed to demonstrate that actual prejudice resulted from the claimed irregularities.  Petitioner's delayed application for leave to appeal was denied by the Michigan Court of Appeals for failing to met the burden of establishing entitlement to

4

relief under M.C.R. 6.508(D). *People v. Gratton*, No. 295972 (Mich. Ct. App. Apr. 12, 2010). Petitioner's application for leave to appeal was denied on the same grounds by the Michigan Supreme Court. *People v. Gratton*, No. 141224 (Mich. Oct. 26, 2010).

## II.  STANDARD OF REVIEW

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III.  ANALYSIS

### A.  Procedural Default

Petitioner did not raise any of his five habeas claims on direct appeal. Instead, his habeas claims were raised in his motion for relief from judgment. The state trial court denied Petitioner's motion for relief from judgment on the grounds that Petitioner's motion raised claims that could have been raised in his direct appeal and had failed to establish good cause for his default and prejudice. Respondent asserts that Petitioner has therefore procedurally defaulted all five of his habeas claims and habeas relief is barred.

Under the procedural default doctrine, "a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, __ U.S. __. 132 S. Ct. 1309, 1316 (2012). A habeas petitioner procedurally defaults a claim when:

> (1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010) (citation omitted).

Petitioner asserts that his appellate counsel was ineffective in failing to raise his habeas claims on direct appeal, and that such ineffectiveness establishes "cause" to excuse the default. Attorney error can constitute cause to excuse a procedural default, but only if the error rises to the level of constitutionally ineffective assistance of counsel. *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). Analyzing whether an appellate attorney's failure to raise claims on appeal constitutes ineffective assistance requires an analysis of the merits of the claims a petitioner asserts should have been, but were not, raised.

While the procedural default doctrine precludes habeas relief on a defaulted claim, it is not jurisdictional. *Trest v. Cain*, 522 U.S. 87, 89 (1997). Judicial economy sometimes counsels reaching the merits of a claim or claims if the merits are "easily resolvable against

6

the habeas petitioner, whereas the procedural-bar issues involve complicated issues of state law." *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).   Determining whether Petitioner's appellate attorney was constitutionally ineffective for failing to raise Petitioner's habeas claims in Petitioner's direct appeal requires the Court to reach the merits of Petitioner's habeas claims, because, in order to show that appellate counsel was ineffective, Petitioner must show that his habeas claims would have succeeded if they had been raised by appellate counsel.   In such a case, the cause and prejudice analysis merges with an analysis of the merits of Petitioner's habeas claims, and it is simply easier to consider the merits of Petitioner's habeas claims.

### B.  Petitioner's Habeas Claims

The petition asserts the following five claims for habeas relief: (1) Petitioner was denied due process when the victim was allowed to give misleading and untrue testimony; (2) the trial court violated Petitioner's constitutional rights by permitting the use of similar act testimony; (3) insufficient evidence; (4) ineffective assistance of trial and appellate counsel; and (5) denial of a polygraph examination.  The Court will address each claim separately.

### 1.  Habeas claim #1: Victim's testimony.

Petitioner's first habeas claim asserts that the admission of the testimony of the victim violated his right to due process because, he argues, the testimony was misleading and untrue.   Petitioner contends that inconsistencies between the victim's preliminary examination testimony and his trial testimony establish that the prosecutor knowingly offered perjured testimony.

7

Petitioner points to various inconsistencies in the victim's testimony. He points out that the victim said at one point that he could not remember whether oral sex or anal penetration happened first but later said he did remember; the victim testified he could not remember the first time he was molested; and he variously testified that the abuse happened 20, 50, and hundreds of times per year. Petitioner asserts that these inconsistencies, and the victim's admission that he was deceitful at other times, established that the victim's trial testimony was false and misleading, and the admission of the testimony violated Petitioner's right to due process and a fair trial.

Petitioner's due process rights were not violated by the admission of the victim's testimony. A prosecutor's knowing use of perjured testimony to secure a conviction violates a defendant's right to due process. *Giglio v. United States*, 405 U.S. 150, 153 (1972); *Miller v. Pate*, 386 U.S. 1, 7 (1967); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). In order to establish a due process violation, the burden is on the criminal defendant to show that the statements were actually false, that they were material, and the prosecution knew that the testimony was actually perjured. *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989). Mere inconsistencies in the testimony of the same witness do not establish the knowing use of perjured testimony by the prosecutor. *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). Petitioner establishes, at most, some inconsistencies within the victim's testimony and some reasons a jury could have disbelieved him. These inconsistencies, and the credibility of the victim, were explored on cross-examination by Petitioner's counsel, and the jury chose to credit the testimony of the victim over that of Petitioner. The admission of the victim's testimony did not violate Petitioner's due process rights.

8

2.  Habeas claim #2: Similar act testimony

Petitioner's second habeas claim asserts that his due process rights were violated by the admission of evidence regarding Petitioner's alleged sexual abuse of William Venson. The trial court admitted the Venson evidence under Rule 404(b) of the Michigan Rules of Evidence, finding the evidence of Petitioner's conduct toward Venson relevant to Petitioner's scheme or plan of abusing minor boys.  The trial court instructed the jury that it could only consider the testimony for such a purpose and not to show Petitioner's propensity to commit the crime.  Petitioner argues that the admission of the Venson testimony was fundamentally unfair because the prosecutor had to make a motion to reopen the file, which was closed and 12 years old and was not assigned to her.  Petitioner also argues that admission of the testimony was improper under Rule 404(b) of the Michigan Rules of Evidence.

Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir.1993).  Petitioner's claim that the state trial court violated the Michigan Rules of Evidence by admitting the other acts evidence is not cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir.2007) (claimed violation of Ohio evidentiary rule not cognizable on habeas review).

Evidentiary rulings may form the basis for habeas relief under very limited circumstances.  An evidentiary ruling must be "so egregious that it results in a denial of fundamental fairness," for it to violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).  The Supreme Court has "defined the category

9

of infractions that violate 'fundamental fairness' very narrowly." *Dowling v. United States*, 493 U.S. 342, 352 (1990).

The admission of the evidence regarding Petitioner's abuse of Venson did not violate Petitioner's due process rights.  The United States Supreme Court analyzed the issue of whether the admission of evidence of other, similar crimes was a violation of due process in *Dowling*.  In that case, the Court held that it did not violate a bank robbery defendant's due process rights to have evidence admitted under Fed. R. Evid. 404(b) that the defendant had previously committed another, masked, armed robbery, even though the defendant had been acquitted of the other robbery.  *Dowling*, 493 U.S. at 353.  The Supreme Court held that the introduction of the evidence did not violate the due process test of fundamental fairness, especially in light of a limiting instruction issued by the trial court, because the jury had the ability to assess the credibility of the testimony of the victim of the earlier robbery, the court had the ability to exclude potentially prejudicial evidence, inconsistent verdicts are constitutionally tolerable, and the right not to be tried twice for the same conduct is adequately protected by the double jeopardy clause.  *Dowling*, 493 U.S. at 353-54.  Applying the reasoning of *Dowling* to the present facts, the admission in this case of the testimony of the victim of an earlier, *uncharged* crime, with a limiting instruction, as relevant to Petitioner's plan or scheme of abusing young boys, was not so fundamentally unfair so as to violate Petitioner's due process rights.  Habeas relief is not warranted on this claim.

### 3.  Habeas claims #3: Lack of physical or scientific evidence

Petitioner's third habeas claim asserts that insufficient evidence was offered to convict him of criminal sexual conduct.  Specifically, Petitioner asserts that the prosecution offered

only the testimony of the victim and failed to offer any physical or scientific evidence to support the victim's testimony that he had been sexually assaulted. Petitioner asserts that his conviction is therefore unconstitutional.

The federal constitution requires that a criminal defendant be convicted only on sufficient evidence to establish beyond a reasonable doubt the elements of the crime. In order to establish a constitutional violation, a habeas petitioner must show that, after viewing the evidence offered at trial in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The testimony of the victim alone was sufficient for a rational jury to have found Petitioner guilty of first degree criminal sexual conduct. There is nothing in state or federal law that requires physical or scientific evidence in order for a jury to convict a defendant of criminal sexual conduct. *See People v. Drohan*, 264 Mich. App. 77, 89 (2004) ("There is no requirement, however, that the complaint's testimony be corroborated in order for a CSC conviction to stand"); *cf. O'Hara v. Brigano*, 499 F.3d 492, 500 (6th Cir. 2007) (testimony of victim sufficient to support a conviction absent physical evidence or other corroboration); *United States v. Howard*, 218 F.3d 556, 565 (6th Cir. 2000) (same). Petitioner is not entitled to habeas relief on this claim.

4.  Habeas claim #4:  Ineffective assistance of trial and appellate counsel

Petitioner's fourth habeas claim asserts that both his trial and his appellate counsel were constitutionally ineffective. He asserts that trial counsel was ineffective because he (1) failed to request a polygraph exam; (2) failed to demonstrate that the complainant falsified his testimony; (3) failed to object to the complainant's hearsay testimony; (4) failed

11

to attack the arrest warrant on the grounds that the prosecutor had no evidence to bring her charges; (5) failed to investigate and prepare for the prosecution witness testimony;  (6) failed to object to Officer Tiffany Warren's testimony on the grounds of hearsay; (7) failed to object to the prosecution's expressing a personal opinion that Petitioiner was guilty; and (8) failed to seek a directed verdict on the grounds that there was no evidence of guilt.  He asserts that appellate counsel was ineffective because he (1) failed to seek a polygraph examination; (2) failed to investigate substantial issues contained within the trial transcript; (3) failed to show that the prosecution had no evidence to convict Petitioner; (4) failed to investigate the prosecutor withholding evidence in the Venson file; (5) refused to help Petitioner file his Standard 4 brief;  (6) failed to raise the issues raised in Petitioner's habeas corpus petition; (7) failed to establish prosecutorial misconduct; (8) refused to represent Petitioner in the Michigan Supreme Court; and (9) failed to file a motion for a directed verdict.

To establish ineffective assistance of counsel, the petitioner must show both that his counsel made errors that were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if the court, using a "highly deferential" review, finds the representation "fell below an objective standard of reasonableness." *Id.* at 688-89. Prejudice is established where the petitioner shows "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 694.   The petitioner must demonstrate both deficient performance and prejudice in order to be entitled to relief.   *Id.* at 687.

Petitioner has failed to meet his burden of showing ineffective assistance of either trial or appellate counsel.   As to the conduct of trial counsel, Petitioner fails to establish a single instance of ineffective assistance that could have resulted in prejudice to the defense. Petitioner largely asserts that his trial counsel failed to assert the claims made in this habeas petition.   However, as discussed elsewhere in this order, all of Petitioner's habeas claims are meritless, and counsel cannot be found ineffective for failing to raise meritless issues.   His assertion that trial counsel failed to investigate and prepare for the prosecution testimony is conclusory and unsupported.   He fails to identify the hearsay testimony that he claims that defense counsel should have opposed and fails to establish that any claimed error effected the outcome of the trial.   He fails to identify the precise statements by the prosecutor that he claims defense counsel should have objected to and fails to establish how the statements prejudiced the defense.   As to the conduct of appellate counsel, Petitioner fails to identify a single legal issue that he claims appellate counsel should have raised that would have succeeded on appeal.   Appellate counsel has no obligation to assist Petitioner in filing his *pro se* brief on appeal, and the issues raised in Petitioner's *pro se* brief were without merit, so appellate counsel's failure to assist in raising them could not have prejudiced Petitioner.   *Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998). Appellate counsel had no obligation to represent Petitioner in the Michigan Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further").   Petitioner has no constitutional right to the effective assistance of counsel in pursuing discretionary review before that body.

*See Wainwright v. Torna*, 455 U.S. 586 (1982) (no claim of ineffective assistance of counsel based on appointed counsel's failure to file timely application for discretionary review by state supreme court). Petitioner's claims of ineffective assistance of trial and appellate counsel are meritless.

### 5. Habeas claim #5: Failure to give polygraph examination

Petitioner's final habeas claim asserts that his due process rights were violated by the refusal of the prosecution, trial court and his own counsel to offer him a polygraph examination as provided by Michigan law. Petitioner's habeas claim fails for a number of reasons. To the extent Petitioner's claim is based on a claimed violation of Michigan law, habeas relief is not available because habeas corpus is only available for violations of federal law. *Estelle*, 502 U.S. at 68. There is no federal constitutional right to take or have admitted the results of a polygraph. *United States v. Scheffer,* 523 U.S. 303 (1998). Furthermore, while criminal sexual conduct defendants in Michigan have a state-created right to request a polygraph examination, the results of the polygraph are not admissible at trial. *People v. Phillips*, 469 Mich. 390, 397 (1988). Finally, on habeas review, a petitioner bears the burden of showing that the claimed violation of his constitutional rights resulted in prejudice. Petitioner offers only speculation that he would have passed a polygraph test, which is insufficient for habeas relief.

### IV. CONCLUSION

Petitioner has failed to establish that he is being held in custody in violation of the Constitution or laws or treaties of the United States. The Court will therefore deny the petition for writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.  It is further **ORDERED** that a certificate of appealability is **DENIED.**

**SO ORDERED**.


s/Denise Page Hood

Denise Page Hood
United States District Judge

Dated:  January 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry

Case Manager

15